Thomas **DEVINE**

v.

**ROCHE BIOMEDICAL LABORATORIES,**
**et al.**

Supreme Judicial Court of Maine.

Argued March 1, 1995.
Decided June 15, 1995.

Robert H. Furbish (orally), Smith Elliott Smith & Garmey, P.A., Portland, for plaintiff.

Gerald P. Petruccelli (orally), James B. Haddow, Petruccelli & Martin, Portland, for Northern Diagnostic Lab.

Malcolm L. Lyons (orally), Benjamin Townsend, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for Roche Biomedical.

Constance P. O'Neil, Conley, Haley & O'Neil, Bath, for B.I.W.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Thomas Devine appeals from summary judgments entered in the Superior Court (Cumberland County, *Brodrick, J.*) in favor of Northern Diagnostic Laboratories (NorDx) and Roche Biomedical Laboratories on Devine's third party beneficiary claim. Devine claims intended third party beneficiary status with respect to a contract for drug testing confirmation services between Bath Iron Works (BIW) and NorDx. NorDx provided courier service to Roche, with whom NorDx subcontracted for the actual testing services. We search the contract language and the circumstances surrounding the formation of the contract for a clear indication that BIW intended to give Devine an enforceable benefit under its contract with NorDx; we find none and therefore affirm.

The instant case returns following our remand to the Superior Court with instructions to consider Devine's third party beneficiary claim. *Devine v. Roche Biomedical Laboratories, Inc.,* 637 A.2d 441 (Me.1994) (hereinafter *Devine I* ). *Devine I* described the underlying facts. In September 1988, BIW offered Devine a job contingent on his passing a drug test. Two urinalyses conducted by BIW on Devine tested positive for opiates. Roche confirmed the presence of opiates and Devine resigned. Devine later informed Wayne McFarland, BIW's Manager of Medical Administration and Clinical Services, that he had learned that his daily poppy seed muffin consumption may have caused the positive result. McFarland called Roche and spoke to a person who identified herself as a doctor and who said that while ingestion of poppy seeds can lead to a positive result, Devine's results were too high to suggest such a source. Based on this and on information provided by its own drug expert, BIW did not change its decision with respect to Devine's employment.

Devine brought a complaint sounding in tort and contract against BIW, Roche, and NorDx. On Devine's appeal in *Devine I*, we affirmed the summary judgments entered in favor of Roche and NorDx with respect to Devine's tort claims, and vacated the judgment against BIW on its claims in tort and for breach of contract against Roche and NorDx on the grounds that they raised genuine issues of material fact. Pertinent to this appeal, we vacated the judgment as to Devine's breach of contract claim against Roche and NorDx and remanded the case to the Superior Court with instructions for it to consider Devine's contract claim. On remand, the Superior Court entered summary judgments in favor of Roche and NorDx on Devine's claim to be a third party beneficiary of the BIW–NorDx contract. On Devine's motion pursuant to M.R.Civ.P. 54(b), the Superior Court ordered the entry of a final judgment in favor of Roche and NorDx against Devine.

We review the entry of the summary judgments entered in favor of NorDx and Roche by examining the evidence in the light most favorable to Devine to determine

whether the Superior Court committed an error of law. *See Devine I,* 637 A.2d at 444.

 In order for Devine to survive a summary judgment motion and proceed as a third party beneficiary on a contract theory, he must generate a genuine issue of material fact on the issue of BIW's intent that he receive an enforceable benefit under the contract. *See F.O. Bailey Co., Inc. v. Ledgewood, Inc.,* 603 A.2d 466, 468 (Me.1992). This he fails to do. It is not enough that he benefitted or could have benefitted from the performance of the contract. The intent must be clear and definite, whether it is expressed in the contract itself or in the circumstances surrounding its execution. *Id.* If BIW did not intend to confer upon Devine an enforceable right, any benefit enjoyed by him as a result of the performance of the contract renders him a mere incidental beneficiary. "An incidental beneficiary cannot sue to enforce third party beneficiary rights." *Id.*[1]

No language in the contract indicates BIW's intent to benefit third parties. The contract provides that NorDx will provide courier service and that Roche will provide clinical laboratory services and report the results orally and in writing. While the contract acknowledges that BIW is relying on NorDx's special skills, knowledge and ability regarding the type of work to be performed, we read this language neither to expand the work contracted for nor to indicate an intent that the performance of that work benefit BIW employees.

In the absence of contract language, there must be circumstances that indicate with clarity and definiteness that BIW intended to give an employee such as Devine an enforceable benefit under the contract. In assessing the relevant circumstances, courts must be careful to distinguish between the consequences to a third party of a contract breach and the intent of a promisee to give a third

party who might be affected by that contract breach the right to enforce performance under the contract. If consequences become the focus of the analysis, the distinction between an incidental beneficiary and an intended beneficiary becomes obscured. Instead, the focus must be on the nature of the contract itself to determine if the contract necessarily implies an intent on the part of the promisee to give an enforceable benefit to a third party. The contract between BIW and NorDx does not meet that standard.

That contract was intended to help BIW implement its Substance Abuse Policy and Procedures. Although that policy appropriately evinces a concern for the well-being of employees who suffer from substance abuse, BIW implemented that policy because, as the policy notes, substance abuse affects "security, safety, quality control, productivity and employee health," all of which are important to the economic well-being of the company.

This recognition of the reasons for the policy and the related contract with NorDx is important because it underscores why the nature of the contract itself does not imply an intent on the part of BIW to confer an enforceable benefit on an employee like Devine. BIW is not in the health care business. It engaged in drug testing of Devine and other employees to advance its economic objectives. Similarly, Devine did not submit to the drug testing at BIW to address his health concerns. He submitted only because the drug testing was a condition of employment. For both BIW and Devine, the drug testing was incidental to their employment relationship.

By contrast, if Devine went to a physician who took a urine sample from him as part of a physical examination and submitted the sample to an independent laboratory for analysis and interpretation, Devine would clearly be an intended beneficiary of the

---

**1.** *Restatement (Second) of Contracts* § 302 (1981) provides:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

contractual relationship between the doctor and the laboratory. The patient-doctor relationship is all about the health of the patient. Had Devine gone to a doctor to address his health concerns, a doctor would submit a specimen for testing primarily for the benefit of his patient. The laboratory would perform its work primarily for the benefit of the patient. Given these facts, the contract between the doctor and the laboratory would necessarily imply an intent on the part of the doctor to confer an enforceable benefit on the patient with respect to the contractual performance of the laboratory.[2]

There is simply nothing in the circumstances of the contractual relationship between BIW and NorDx that accords Devine the status of a third party beneficiary. This conclusion is required legally by the facts brought forth by Devine in response to the motions for summary judgment.

The entry is:

Judgments affirmed.

All concurring.

---

**2.** We offer the example of the doctor-patient relationship only to emphasize the differences between that relationship and the BIW-employee relationship. In an actual case, the tort duty owed by a laboratory to the patient of the doctor would probably make the third party beneficiary claim superfluous. That same tort duty also exists between the laboratory and the employee who is required to take a drug test as a condition of employment. *See Stinson v. Physicians Imme-* *diate Care,* 269 Ill.App.3d 659, 207 Ill.Dec. 96, 646 N.E.2d 930 (2 Dist.1995). Indeed, our discussion of Devine's negligent testing claim against NorDx and Roche in *Devine I* assumed that the laboratories owed a tort duty to Devine. Devine failed on his negligence claims because he did not generate any issue of material fact to support those claims. That failure left Devine's third party beneficiary claim as his last hope against the laboratories.