STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-188

HAWKES & MEHNERT, LLP,

Plaintiff,

v.

**DECISION AND ORDER**

JONATHAN MORSE, and
NANCY MORSE, and
BOULDER PROPERTIES, LLC, and
WORDWRAP SERVICE
CORPORATION, LLC, and
GATEWAY PROPERTIES, LLC, and
SAWTOOTH PROPERTIES, INC.,

Defendants,

BEV PROPERTIES, LLC,

Intervenor.

FILED & ENTERED
SUPERIOR COURT

APR 1 5 2009

PENOBSCOT COUNTY

This case is before the Court on a motion for summary judgment filed on August 19, 2008 by the plaintiff, Hawkes & Mehnert, LLP, seeking summary judgment as to the claims of the intervenor, BEV Properties, LLC. Oral arguments on the motion were held in chambers on December 2, 2008.

## BACKGROUND

In February 2005, Attorney Eric Mehnert of Hawkes & Mehnert, LLC agreed to represent Jonathan Morse and his various business entities, including Boulder Properties, LLC, regarding a number of litigation matters. Among these matters was a dispute over a lease agreement between Boulder Properties and one of its tenants, Lutheran Social Services of New England. On April 22, 2005, Jonathan Morse filed a complaint through

1

Attorney Mehnert, in Cumberland County Superior Court against Lutheran Social Services seeking damages for breach of the lease agreement. The matter was settled during mediation in which Lutheran Social Services agreed to pay $60,000 in two equal installments.

The first installment of $30,000 was paid to Attorney Mehnert. Jonathan Morse subsequently agreed to release the entire $30,000 to Attorney Mehnert for past, unpaid legal fees. Jonathan Morse subsequently instructed the attorney for Lutheran Social Services to make the second payment to Attorney Timothy Keiter, the business attorney for Jonathan Morse's various businesses. The second payment was made to Attorney Keiter although he was not involved in the case against Lutheran Social Services and had not entered an appearance on behalf of Boulder Properties or Jonathan Morse in that case. Attorney Mehnert subsequently filed the complaint in the present action seeking to recover unpaid attorney's fees from Jonathan Morse. The $30,000 from the second installment that had been paid to Attorney Keiter was attached by order of this Court.

On October 29, 2007, this Court granted intervenor status to BEV Properties, LLC, a company owned by Marvin Morse, the father of Jonathan Morse. BEV Properties claimed an interest in the funds from the settlement between Boulder Properties and Lutheran Social Services as the owner of the leased property. However, neither BEV Properties nor Marvin Morse were parties to the action against Lutheran Social Services nor were they parties to the lease agreement at issue in that case.

Jonathan Morse elected to go to fee arbitration rather than take this case to trial. However, Jonathan Morse agreed to have a judgment entered against him before the fee

arbitration panel held a hearing on the matter. A judgment in this matter was entered against Jonathan Morse on March 18, 2008.

While this case was pending and awaiting a hearing before the fee arbitration panel, Marvin Morse filed a grievance with the Board of Overseers of the Bar alleging that Attorney Mehnert "stole" settlement funds in the Lutheran Social Services case. On June 30, 2008 the Board of Overseers dismissed the complaint without a hearing.

## DISCUSSION

The plaintiff now seeks summary judgment as to the intervenor's claim to the funds at issue in this case. "Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute, and, accordingly, the moving party is entitled to judgment as a matter of law." *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825. A genuine issue of material fact exists when there is sufficient evidence to require the fact-finder to choose between competing versions of a fact that could affect the outcome of the case. *Id.*; *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747.

The intervenor claims an interest in the funds at issue in this case by virtue of: (1) its ownership of the premises leased to Lutheran Social Services; and (2) its alleged status as a third-party beneficiary to the lease between Boulder Properties and Lutheran Social Services. Although it appears that BEV Properties did own the property leased to Lutheran Social Services, that alone does not establish any entitlement to funds owed by Boulder Properties and Jonathan Morse to Attorney Mehnert.

3

In order to create an enforceable contract benefit in a third-party, the promisee must intend that such enforceable benefit exist and the intent must be "clear and definite, whether it is expressed in the contract itself or in the circumstances surrounding its execution." *Devine v. Roche Biomedical Labs.*, 659 A.2d 868, 870 (Me. 1995). The only contract at issue in the present case is the one between Jonathan Morse and Attorney Mehnert by which Attorney Mehnert agreed to provide legal services in exchange for payment. Therefore, in order to have the benefits of a third-party beneficiary, Marvin Morse must show that Jonathan Morse intended that he have such benefit by either the language of the agreement or by the circumstances.

The language of the agreement between Jonathan Morse and Attorney Mehnert does not demonstrate such intent. Marvin Morse does not dispute the fact that he did not retain Attorney Mehnert. To the contrary, Marvin Morse now argues that Jonathan Morse acted without his authorization or knowledge in hiring Attorney Mehnert and in settling the case. Neither do any circumstances surrounding the contract show a clear and definite intent by Jonathan Morse that his father, Marvin Morse, be a third-party beneficiary under the contract. Furthermore, even if Marvin Morse was a third-party beneficiary to the contract between Attorney Mehnert and Jonathan Morse, Attorney Mehnert would still be entitled to collect his fees.[1]

Marvin Morse has alleged that his son, Jonathan Morse, was managing his property for him and that Jonathan Morse acted beyond the scope of his authority by

---

[1] BEV Properties has claimed third-party beneficiary status in the lease contract between Boulder Properties and Lutheran Social Services; however, that is not the contract at issue in this case. Attorney Mehnert is seeking to recover attorney's fees arising out of a contract between Jonathan Morse and himself. Moreover, the summary judgment record demonstrates no clear and definite intent by Jonathan Morse that Marvin Morse or BEV Properties be third-party beneficiaries under the lease contract. Marvin Morse's ownership of the property may make him an incidental beneficiary but not an intended third-party beneficiary.

4

hiring Attorney Mehnert and settling the case against Lutheran Social Services without involving his father. This does not give him any cause of action against Attorney Mehnert. Marvin Morse may not be entirely without remedy; however, he has no remedy against Attorney Mehnert. If Marvin Morse and Jonathan Morse had a contractual relationship by which Jonathan Morse managed the affairs of Marvin Morse's property in exchange for financial compensation then it would be through this relationship that Marvin Morse would be able to recover for any unauthorized conduct by Jonathan Morse.

The plaintiff has also claimed that it is entitled to judgment on the basis of collateral estoppel and res judicata based upon the Board of Overseers' determination that Attorney Mehnert did not violate the Maine Bar Rules. The Court notes that the proceedings before the Board of Overseers do not preclude BEV Properties from asserting a claim to funds in this case; however, because the Court has decided in favor of the plaintiff on other grounds a lengthy discussion is not warranted. It suffices to say that (1) the parties were not the same in that action because the Board of Overseers, not BEV Properties or Marvin Morse, was the petitioner in that matter, and (2) the sole issue before the Board was whether or not Attorney Mehnert violated the Maine Bar Rules.

The Court has also considered Hawkes & Mehnert's motion for sanctions and finds it unavailing.

## CONCLUSION

No genuine issue of material fact remains that would defeat the plaintiff's claim to the judgment already entered against the defendants in this case. Therefore, the Court grants the plaintiff's motion for summary judgment against the claims of the intervenor. The Court also denies the plaintiff's motion for sanctions.

The entry is:

    1.    The plaintiff's motion for summary judgment, filed August 19, 2008, is **GRANTED**. Judgment for the plaintiff.

    2.    The plaintiff's motion for sanctions, filed August 19, 2008, is **DENIED**.

    3.    This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: April _16_, 2009

M/Michaela Murphy
Justice, Superior Court

6

HAWKES & MEHNERT,LLP VS JONATHAN MORSE ET AL
         ⌐ -2006-0100483                          CASE #:BANSC-CV-2006-00188
------------------------------------------------------------------------------
   SEQ TITLE              NAME                                    DOB    ATTY
   001 PL        HAWKES & MEHNERT,LLP  BY ERIC MEHNERT, ESQ.              T
   002 DEF       JONATHAN MORSE  BY STEVEN COPE, ESQ         / /          T
   003 DEF       NANCY MORSE       "    "    "    "          / /          T
   004 DEF       BOULDER PROPERTIES, LLC       "     "         ·          T
   005 DEF       WORDWRAP SERVICE CORPORATION "    "                      T
   006 DEF       GATEWAY PROPERTIES, LLC    "     "                       T
   007 DEF       SAWTOOTH PROPERTIES, INC   ʊ   "                         T
   008 INTRV     BEV PROPERTIES LLC  BY CHRISTOPHER LARGAY ESQ            T
   009 TRST      TIMOTHY S KEITER ESQ BY TIMOTHY KEITER, ESQ.  / /        T