ENTERED NOV 1 9 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. CV-13-180

JON-YOR-11-07-14

PAMELA J. GUERRETTE, ET AL.

Plaintiffs,

v.

**ORDER**

ELLEN L. DYER and BEACON
APPRAISAL COMPANY, INC.,

Defendants.

## I.    Background

### A. Procedural Posture

Before the court is the Plaintiffs' motion to reconsider. The Plaintiffs contend that the court erroneously dismissed their claims for breach of contract (Count II) and under the Unfair Trade Practices Act ("UTPA") (Count V). In granting summary judgment, this court concluded the Plaintiffs were neither parties to the appraisal contract nor established prima facie evidence showing they were intended third-party beneficiaries. The Plaintiffs already conceded that the UTPA count fails as a matter of law. (Pl.'s Opp. Summ. J. 13.) The court thus does not reconsider dismissal of that claim.

### B.  Facts

The Plaintiffs' contract claim arises out of an appraisal performed as part of the sale of a home in Sanford, Maine. Material to the Plaintiffs' motion to reconsider are the parties to that appraisal.

1

Lender X, a third party broker, hired Defendant Beacon Appraisal Company ("Beacon") to appraise the home. (Def.'s S.M.F. ¶ 1.) The appraisal request identified Mortgage Network of Danvers ("Mortgage Network") as the lender and Daniela and Pamela Guerrette as the borrowers. (Def.'s S.M.F. ¶ 2.) The request was forwarded to Defendant Ellen Dyer ("Dyer"), an employee of Beacon. (Def.'s S.M.F. ¶ 3.) Dyer prepared and forwarded the appraisal to Beacon's client, Mortgage Network. (Def.'s S.M.F. ¶ 7.) The appraisal report stated:

> INTENDED USE: The intended use of this Appraisal Report is for the Lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

> INTENDED USER: The Intended user of this Appraisal Report is the Lender/client.

(Def.'s S.M.F. ¶ 9.) The appraisal report also stated the report may be distributed or disclosed to the borrower, Pl.'s S.M.F. ¶ 15, and the borrower "may rely" on the report "as part of any mortgage finance transaction that involves any one or more of these parties." (Def.'s S.M.F. ¶ 10.)

## II.    Discussion

Motions for reconsideration are appropriate where "required to bring to the court's attention an error, omission or new material that could not previously have been presented." *Shaw v. Shaw*, 2003 ME 153, ¶ 8, 839 A.2d 714, *quoting* M.R. Civ. P. 7(b)(5). Rule 7(b)(5) bars litigants from rearguing "points that were or could have been presented to the court on the underlying motion." *Id.*

The Plaintiffs' grounds for the motion are that this court "misapprehended" the law and facts surrounding their contractual theories regarding the real estate appraisal. In particular, the Plaintiffs assert that they paid for the appraisal based on the breakdown of

settlement charges listing "Appraisal Fee to Beacon Appraisal Company" in the amount of $520.00 "Paid From Borrower's Funds at Settlement." (Pl.'s Mot. Reconsid. Summ. J. Ex. A.)

As this court previously decided, no express contract existed between the Defendants and the Plaintiffs. While the settlement documents at the closing required the Plaintiffs to pay $520.00 for the "Appraisal Fee to Beacon Appraisal Company," this was a *payment for* Beacon's services to Mortgage Network, not a *payment to* Beacon by the Plaintiffs. Beacon was not a party to the closing. The Defendants' only connection to the Plaintiffs is that the Guerrettes, as listed borrowers, were contemplated by the appraisal report. (Def.'s S.M.F. ¶ 2.) Thus an enforceable right, if any, would be under a third-party beneficiary theory.

Third-party beneficiaries have enforceable rights where the promisee intends for the beneficiary to receive the benefit of performance and to enforce the contract. *Martin v. Scott Paper Co.*, 511 A.2d 1048, 1049-50 (Me. 1986). The Law Court has emphasized the contracting parties must intend to confer contractual rights to the third party. *Stull v. First Am. Title Ins. Co.*, 2000 ME 21, ¶ 17, 745 A.2d 975 (describing third party beneficiary rights as "strictly limited").

> It is not enough that he benefitted or could have benefitted from the performance of the contract. The intent must be clear and definite, whether it is expressed in the contract itself or in the circumstances surrounding its execution.

*Devine v. Roche Biomedical Labs.*, 659 A.2d 868, 870 (Me. 1995) (citations omitted). Without such intent, a party is a mere incidental rather than intended beneficiary. "An incidental beneficiary cannot sue to enforce third party beneficiary rights." *F.O. Bailey Co. v. Ledgewood, Inc.*, 603 A.2d 466, 468 (Me. 1992).

3

Here, the Plaintiffs used and received the benefit of Beacon's performance because the appraisal supported the mortgage finance transaction. Despite the fact the report provided for the borrower to rely on the appraisal in connection with the loan, there was no clear and definite intent to provide the borrower with a cause of action for breach of warranty. To the contrary, the express terms of the appraisal report state that the intended user is Mortgage Network for the intended use of issuing the loan. It follows that the Plaintiffs were incidental rather than intended beneficiaries, and without any rights under the contract.[1] Because the Plaintiffs fail to bring to the court's attention "an error, omission or new material that could not previously have been presented" as grounds for reconsideration, the motion must be denied. M.R. Civ. P. 7.

The court additionally notes that the affidavits submitted by the Plaintiffs on summary judgment and on this motion to reconsider contain arguments appropriate for a legal brief, not sworn testimony. The affidavits do not state facts, but argue the application of facts and draw conclusions to support their contract and tort causes of action. These affidavits plainly fail to comply with M.R. Civ. P. 56, and the court has the discretion to disregard them for purposes of summary judgment. *See Diversified Foods, Inc. v. First Nat. Bank of Boston*, 605 A.2d 609, 612 (Me. 1992) (court properly excluded legal arguments and conclusions contained in affidavit in ruling on summary judgment). On this basis alone, summary judgment was within the court's discretion.

---

[1] The Plaintiffs' arguments focus on the consequences of the appraisal and practices in the real estate industry, but this does not entitle the Plaintiffs to rights under the contract. *Devine*, 659 A.2d at 870 ("If consequences become the focus of the analysis, the distinction between an incidental beneficiary and an intended beneficiary becomes obscured.")

4

The clerk will make the following entry, by reference, on the docket:

The Plaintiff's Motion for Reconsideration is hereby DENIED.


SO ORDERED.


DATE:

11/7/19

_____
John O'Neil, Jr.
Justice, Superior Court

5

CV-13-180

ATTORNEY FOR PLAINTIFF:
ROBERT NADEAU
NADEAU LEGAL PLLC
311 ALFRED STREET
BIDDEFORD ME  04005-3127

ATTORNEY FOR DEFENDANTS:
JAMES M BOWIE
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME  04112-4630

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. CV-13-180
*JON-YOR- 07-09-14*

PAMELA J. GUERRETTE, ET AL. )
                            )
           Plaintiff,         )
      v.                       )     SUMMARY JUDGMENT
                            )
ELLEN L. DYER and BEACON )
APPRAISAL COMPANY, INC., )
                            )
           Defendant.      )

## I.      Background

Plaintiffs Pamela J. Guerrette and Daniel R. Guerrette are husband and wife. They reside at 3 Overlook Drive in Sanford, York County, Maine, with Plaintiffs Graydon L. Lockard and Dorothy E. Lockard, who are also husband and wife. On June 20, 2012, Plaintiffs signed a purchase and sales agreement with the then-sellers of the real estate located at 3 Overlook Drive for a total price of $239,900.00 subject to the "property appraising at or above purchase price..."

Defendants, Beacon Appraisal Company, Inc. and Ellen Dyer, were retained by the Mortgage Lender acting through Lender X to perform an appraisal of the property. Defendants provided an appraisal, certifying that the value of the premises was $240,000.00. The Appraisal Report contained the following provisions:

- "the lender/client may disclose or distribute this appraisal report to: the borrower..." ¶ 21

- "The Borrower ... may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties..." ¶ 23

- "Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties" ¶ 25.

1

Plaintiffs purchased the property on August 17, 2012, for the contract price of $239,900.00. Shortly thereafter, in September 2012, the individual Plaintiffs deeded the premises to the Lockard Family Trust. Following the purchase, Plaintiffs allege to have made repairs and improvements to the property totaling $26,526.56. After the repairs, Plaintiffs got an appraisal of the property for refinancing purposes. The property was appraised at $200,000. Plaintiffs assert that the pertinent market values had not markedly changed between the time of Defendants' appraisal report and the time of Plaintiffs' attempted refinancing. Plaintiffs bring claims of Negligence/Negligent Misrepresentation, Breach of Contract/Warranty, Fraud/Deceit, Punitive Damages, and Unfair Trade Practices. Defendants now move the court for Summary Judgment.

II.    Standard of Review

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 2010 ME 20, ¶ 11, 989 A. 2d 733; Dyer v. Department of Transportation, 2008 ME 106, ¶ 14, 951 A.2d 821. When reviewing a motion for summary judgment, the court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. Id.

A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. Reliance National Indemnity v. Knowles Industrial Services Corp., 2005 ME 29, ¶7, 868 A.2d 220; citing Univ. of Me. Found. v. Fleet Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.

III.    Discussion

Plaintiffs concede to Defendants' Motion for Summary Judgment on the counts of Punitive Damages and Unfair Trade Practices, therefore the court grants Defendants'

2

motion as to those two counts without further discussion. The court discusses the remaining counts in turn.

a. Negligence/Negligent Misrepresentation

Plaintiffs bring a claim of negligence/negligent misrepresentation. "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Langevin v. Allstate Ins. Co., 2013 ME 55, ¶ 11, 66 A.3d 585 (citations omitted). A claim of negligence requires a showing that the defendant owes the plaintiff a duty that was breached causing damages. Baker v. Farrand, 2011 ME 91, ¶ 11, 26 A.3d 806. Plaintiffs allege Defendant owed a duty of care to provide reasonable appraisal services to those who foreseeably would use the appraisal. Plaintiffs argue that Defendants could have reasonably foreseen that Plaintiffs would rely on the appraisal. Plaintiffs argue that they did in fact rely upon the appraisal and that they were damaged as a result of their reliance. Plaintiffs also argue that Defendants' appraisal report contained material misrepresentations.

Defendants argue that Plaintiffs are barred from bringing all tort claims by the economic loss doctrine. The economic loss doctrine prohibits tort recovery in cases in which the damages are entirely economic. Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors, Inc., 659 A.2d 267, 270 (Me. 1995). Persuasively, the Superior Court has found that the economic loss "doctrine is applicable to service contracts, such as the winterization contract ..., as well as to purchases of allegedly defective goods." Maine-ly Marine Sales & Serv., Inc. v. Worrey, 2006 WL 1668039 (Me. Super. Apr. 10,

3

2006). Plaintiffs bring a claim for economic damages as a result of the appraisal performed by Defendant. They do not claim damages beyond economic damages. For that reason, Defendant argues that the economic loss doctrine applies and bars Plaintiffs' tort claims. The court finds that the economic loss doctrine does apply to the Plaintiff's claim of negligent misrepresentation/negligence. Under Maine law, claims of negligence and negligent misrepresentation are not available where a plaintiff seeks compensation for a purely economic loss in the context of a service contract, as Plaintiff does in this case.

Defendant argues, in the alternative, that Plaintiffs have not set out a *prima facie* case for negligent misrepresentation. Defendants contend that Plaintiffs could not have met the element of reliance required of a claim of negligent misrepresentation because Defendants allege that Plaintiffs did not see the Appraisal Report prior to the sale and therefore could not have relied on it. The court does not reach this argument. The court grants Defendants' Motion for Summary Judgment on Plaintiff's claim of Negligence/Negligent Misrepresentation.

b. Fraud

Similar to the above claim for Negligence/Negligent Misrepresentation, Defendant claims that Plaintiffs' claim of fraud is barred by the economic loss doctrine. As above, the court finds that economic losses based upon a contract must be pursued through a contract claim. The court grants Defendants' Motion for Summary Judgment on Plaintiffs' claim of fraud.

c. Breach of Contract

Plaintiffs bring a claim of breach of contract. Plaintiff cites to two different documents. Plaintiff cites to the Purchase and Sales Agreement between the Lockards and the Lockard Family Trust as "Buyer", and Melvin & Joanne Dussault and Edward

4

& Virginia Bourque as "Seller". Plaintiff also cited to the Appraisal Report, which was commissioned by The Mortgage Network, acting through Lender X, and created by Defendant Ellen Dyer as an employee of Beacon Appraisal. Neither of these documents is an agreement between Plaintiffs and Defendants. Defendants move the court for Summary Judgment arguing that Plaintiffs and Defendants were not in privity of contract and therefore Plaintiffs do not have standing to bring a claim for breach of contract.

Plaintiffs argue that Defendants are bound by the Purchase and Sales Agreement because Defendants had notice that Plaintiffs purchase of the property depended upon the outcome of the appraisal. Defendants could not have breached the Purchase and Sales Agreement because they were not a party to the Agreement and they did not promise to abide by its terms. "It goes without saying that a contract cannot bind a nonparty." E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 294, 122 S. Ct. 754, 764, 151 L. Ed. 2d 755 (2002). Whether or not Defendants had notice that Plaintiffs intended to rely upon the Appraisal Report by the terms of the Purchase and Sales Agreement is not relevant to Plaintiffs ability to enforce against Defendant the terms of an agreement to which Defendant was not a party.

Plaintiffs argue that because the Appraisal Report authorized the Defendants' client to distribute the Appraisal Report to Plaintiffs, Defendants had notice that Plaintiffs would rely upon the Appraisal Report. Defendants were a party to the Appraisal Report, however, Plaintiffs were not. A third party does not have standing to enforce a contract unless the parties to the contract intended the contract to benefit the third party. "In order to proceed as third party beneficiaries on a contract theory, plaintiffs must generate a genuine issue of material fact on the issue of ... intent that they receive an enforceable benefit under the contracts. The intent must be clear and definite." F.O.

5

Bailey Co., Inc. v. Ledgewood, Inc., 603 A.2d 466, 468 (Me. 1992) (citing Ball Corp. v. Bohlin Building Corp., 187 Ill.App.3d 175, 134 Ill.Dec. 823, 824, 543 N.E.2d 106, 107 (1989)). The Appraisal Report does not provide any language suggesting that Defendant and The Mortgage Network/Lender X intended to provide Plaintiffs with an enforceable benefit.

Plaintiffs contend that Defendant Beacon Appraisal Company, Inc.'s express permission to distribute the Appraisal Report to Plaintiffs amounts to intent to provide Plaintiffs the ability to enforce. The court finds that permission to distribute the Appraisal Report to Plaintiffs as plainly read in ¶ 21 of the Appraisal Report does not show any level of intent to provide Plaintiffs with the ability to enforce. The court finds that Plaintiffs have not made a *prima facie* showing of intent. Because Plaintiffs are neither a party to the contract, nor an intended beneficiary under the terms of the contract, Plaintiffs do not have the right to enforce the contract or standing to bring a claim for breach of contract. The court grants Defendants' Motion for Summary Judgment on Plaintiffs' claim of breach of contract.

      d.  Unfair Trade Practices Act

Defendants move the court for summary judgment on Plaintiffs' claim pursuant to the Unfair Trade Practices Act (UTPA) arguing that because Plaintiffs did not commission the Appraisal Report, they do not have standing to bring a UTPA claim.

> Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful … may bring an action either in the Superior Court or District Court for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper.

5 M.R.S. § 213(1) (2013). Plaintiffs did not purchase the services of Beacon Appraisal. Therefore Plaintiffs are not consumers for the purposes of the UTPA, and do not have standing to bring suit pursuant to the UTPA. Defendants' Motion for Summary Judgment on Plaintiff's claim of Unfair Trade Practices is granted.

IV.     Conclusion

The court GRANTS Defendant's Motion for Summary Judgment in all respects.

Clerk is directed to enter Judgment for the Defendants on each count.

DATE:    7/9/14

_____
John O'Neil, Jr.
Justice, Superior Court

7

ATTORNEY FOR PLAINTIFFS:
ROBERT NADEAU
NADEAU LEGAL PPLC
311 ALFRED STREET
BIDDEFORD ME  04005-3127


ATTORNEY FOR DEFENDANT:
JAMES M BOWIE
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME  04112-4630