STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-097

CITIZENS INSURANCE
COMPANY OF AMERICA,

Plaintiff

v.

PHOENIX BAY STATE
CONSTRUCTION CO., INC.,
WILLIAM A. BERRY & SON,
INC., SUFFOLK CONSTRUCTION
COMPANY, INC., MAINE MEDICAL
CENTER, INC., and NORTH RIVER
INSURANCE COMPANY,

Defendants

ORDER ON PLAINTIFF'S MOTION TO
DISMISS DEFENDANT MAINE
MEDICAL CENTER'S COUNTERCLAIM

STATE OF MAINE
Cumberland, ss Clerk's Office

OCT 05 2017
3:38 p·m·
RECEIVED

Before the court is plaintiff and counterclaim defendant Citizens Insurance Company of America's motion to dismiss defendant Maine Medical Center's counterclaim. For the following reasons, the motion to dismiss is denied.

FACTS

The present action stems from an underlying lawsuit MMC brought against defendants William A. Berry & Son, Inc. and Suffolk Construction Company, Inc. in the United States District Court for the District of Maine. (Compl. ¶¶ 8-9; MMC's Ans. ¶¶ 8-9.) Phoenix Bay State Construction Co., Inc. is a third-party defendant in the underlying lawsuit. (Compl. ¶ 10; MMC's Ans. ¶ 10.) In that action, MMC is seeking to recover damages against Berry and Suffolk for alleged property damage to substantial additions made to the hospital located at 22 Bramhall Street in the City of Portland, Maine. (Compl. ¶ 11; MMC's Ans. ¶ 11.) MMC hired Berry to manage

1

and lead the construction of the additions.[1] (MMC's Countercl. ¶ 5.) Berry then hired Phoenix as a subcontractor to perform certain work for the additions. (Id.) The construction began in 2006. (Compl. ¶ 11; MMC's Ans. ¶ 11.)

MMC's contract with Berry mandated all subcontractors procure and maintain insurance coverage for their work on the addition and name MMC as an additional insured on the insurance policies. (MMC's Countercl. ¶¶ 19, 23.) In accordance with that requirement, Berry's subcontract with Phoenix provided as follows: "[Phoenix], at its own expense shall procure, carry and maintain on all its operations hereunder policies of insurance with coverage at a minimum in the amounts and limits as provided in Rider B . . . ." (Id. ¶ 20.) Moreover, the subcontract obligates Phoenix to "indemnify, defend and hold . . . [MMC] harmless to the fullest extent allowed by law from any and all loss, damage, cost or expense . . . resulting from or arising from the negligence of [Phoenix] . . . ." (Id. ¶ 24.) MMC asserts Phoenix procured insurance policies through Citizens, Employers' Fire Insurance Company, and North River Insurance Company to fulfill the subcontract's insurance requirements. (Id. ¶¶ 25, 85.) MMC also alleges it may be third party beneficiary of Citizens and North River's obligations because of the requirement that MMC be named as an additional insured under the Citizens, Employers, and North River policies. (Id. ¶¶ 27, 87.)

Citizens initiated this action on February 10, 2017 when it filed a complaint against defendants Phoenix, Berry, Suffolk, and MMC. In the complaint, Citizens seeks a declaratory judgment that with regard to the underlying suit, Citizens does not have a duty (1) to indemnify Phoenix for any judgment in the underlying lawsuit; (2) to defend or indemnify Berry or Suffolk in the underlying lawsuit; or (3) to indemnify MMC for any judgment it obtains in the underlying

---

[1] In 2009, Suffolk acquired Berry's assets, including its obligations and liabilities to MMC with respect to the work. (Compl. ¶ 13; MMC's Ans. ¶ 13.)

2

lawsuit; or, in the alternative, (4) if it does have a duty indemnify any of the defendants, their recovery is limited to a maximum of one per occurrence policy limit, $1,000,000.[2]

MMC filed its answer, counterclaims, and cross-claims on April 10, 2017.[3] In its counterclaim, MMC alleges four counts against Citizens. MMC seeks a (1) declaratory judgment that with regard to the underlying suit, Citizens has a duty to indemnify MMC; and alleges (2) Citizens breached the implied duty of good faith and fair dealing owed to MMC; (3) violated MASS. GEN. LAWS ch. 93A, §§ 2, 9; and (4) violated MASS. GEN. LAWS ch. 93A, §§ 2, 11. (MMC countercl. ¶¶ 30 – 47.)

Citizens filed its motion to dismiss on June 22, 2017.[4] MMC opposed the motion on July 20, 2017.

DISCUSSION

1. Standard of Review

"A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the [counterclaim]." Seacoast Hangar Condo. II Ass'n v. Martel, 2001 ME 112, ¶ 16, 775 A.2d 1166 (quoting New Orleans Tanker Corp. v. Dep't of Transp., 1999 ME 67, ¶ 3, 728 A.2d 673). When the court reviews a motion to dismiss, "the [counterclaim] is examined 'in the light most favorable to the [counterclaim] plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [counterclaim] plaintiff to relief pursuant to some legal theory.'" Lalonde v. Cent. Me. Med. Ctr., 2017 ME 22, ¶ 11, 155 A.3d 426 (quoting Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 7, 843 A.2d 43). Allegations in the counterclaim are deemed

---

[2] Citizens also brought an additional claim against North River. The court granted Citizens' motion to dismiss the claim without prejudice on July 19, 2017.

[3] The court granted MMC's motion to extend the deadline to file its response to the complaint until April 10, 2017.

[4] The court granted Citizens request for an extension of the deadline to file its response to the counterclaim.

3

true, Id., and "dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." Moody, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994)) (internal quotations omitted).

2. Choice-of-Law

Citizens argues Maine law governs MMC's claims. MMC counters that the court cannot decide what law to apply at this stage in the litigation because the inquiry is too fact intensive. Courts have decided the choice-of-law issue on a motion to dismiss. See Beaulieu v. Beaulieu, 265 A.2d 610, 611 (Me. 1970) (considering and deciding choice-of-law issue raised in a M.R. Civ. P. 12(b)(6)); Flaherty v. Allstate Ins. Co., 2003 ME 72, ¶¶ 6, 11-22, 822 A.2d 1159 (holding the trial court improperly granted a motion to dismiss, not because it ruled on which jurisdiction's law applied, but because its ruling that Connecticut law applied was wrong because Maine had more significant contacts and relationships).

Maine courts apply Maine's choice-of-law rules to establish "which state's substantive rules apply to the liability questions raised . . ." because "Maine is the forum state." State Farm Mut. Auto. Ins. Co. v. Koshy, 2010 ME 44, ¶ 21, 995 A.2d 651. "Maine has adopted the approach of sections 186 to 188 of the Restatement (Second) of Conflict of Laws (1971), to govern choice of law for contract issues." Id. ¶ 46. Section 188 applies when a contract does not include a choice of law provision.[5] Id. ¶ 47. Section 188 provides as follows:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

---

[5] Parties have not submitted complete copies of the insurance contracts, but appear to agree there is no choice-of-law provision that governs related claims.

4

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

    (a) the place of contracting,
    (b) the place of negotiation of the contract,
    (c) the place of performance,
    (d) the location of the subject matter of the contract, and
    (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) Conflict of Laws § 188.

In Baybutt Constr. Corp. v. Commercial Union Ins. Co., decided by the trial court on a motion for summary judgment, the plaintiff sought "a judgment which declared that the provisions of its [comprehensive general liability] insurance contract with the defendant obligated the defendant both to cover and defend the plaintiff in [an underlying suit.]" 455 A.2d 914, 917 (Me. 1983), overruled in part on other grounds by Peerless Ins. Co. v. Brennon, 564 A.2d 383, 386-87 (Me. 1989). The Law Court held Maine law governed the rights and duties of the parties to the insurance contract when the insured construction company was principally based in New Hampshire, the insurer was principally based in Massachusetts, the insurance policy was purchased in New Hampshire through a New Hampshire insurance agency, and the policy covered insured construction projects in Maine, New Hampshire, and Vermont because the "specific insured risk" was located in Maine. Id. at 917, 919. The court explained:

[I]n a casualty insurance contract, as is involved in the instant case, the validity of the contract and the rights and duties created thereby, are to be determined, in the absence of an express effective choice of law by the parties, by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue involved, some other state has a more significant relationship to the transaction and the parties, in which event the local law of the other state will be applied.

5

Id. at 918 (emphasis added).

As in Baybutt, this case includes many parties based out of state. Citizens is a Massachusetts based insurer; Berry, Suffolk, and Phoenix are (or were) all incorporated and principally based in Massachusetts. Although under Baybutt it may be tempting to conclude those contacts are less important than the location of the insured risk in determining which jurisdiction's law should apply, the court agrees with MMC that the court has insufficient facts to determine the choice-of-law issue. See Walker v. Unum Life Ins. Co. of Am., 530 F. Supp. 2d 351, 354 (D. Me. 2008); In re: Montreal Maine & Atlantic Railway, Ltd., No. 13-10670, WL 2954537, at *7 (Bankr. D. Me. July 7, 2017); see also Restatement (Second) Conflict of Laws § 188; Koshy, 2010 ME 44, ¶ 22, 995 A.2d 651.

"[A] defendant in a contract case governed by one state's law nonetheless may be subject to the provisions of another state's unfair trade practices statute[.]" Crellin Techs. v. Equipmentlease Corp., 18 F.3d 1, 11 (1st Cir. 1994); see also Koshy, 2010 ME 44, ¶¶ 21, 46, 995 A.2d 651 (applying contract and tort choice-of-law rules to separate issues in the same case). Citizens argues there is a conflict between Maine and Massachusetts law as they relate to claims of unfair insurance practices. Under Maine law, only the insured has standing to bring suit against its insurer for unfair insurance settlement practices, see 24-A M.R.S. § 2436-A (2016), whereas under Massachusetts standing is much broader. See MASS GEN. LAWS ch. 93A, §§ 2, 9, 11.

Courts have held claims pursuant to chapter 93A are either contract or tort based. This determination appears to depend on the allegations made in support of a chapter 93A claim. See Ne. Data Sys. v. McDonnell Douglas Comput. Sys., 986 F.2d 607, 610 (1st Cir. 1993) ("depending on the facts, a Chapter 93A claim may essentially reduce to a contract claim"); Crellin Techs. v. Equipmentlease Corp., 18 F.3d at 11 ("we treat appellant's chapter 93A initiative as a species of

6

tort claim."). In Ne. Data Sys., the First Circuit held the 93A claims before the court were "embroidered breach of contract' claims" because they were based on the plaintiff's allegations that the defendant acted "with a bad motive" and "knowingly" and "willfully" breached the contract. 986 F.2d at 609. In Crellin Techs., decided by the trial court after a bench trial, the First Circuit held "when a chapter 93A claim and the requested remedy are highly analogous to a tort claim and remedy, the chapter 93A claim should be considered as a tort for choice-of-law purposes." 18 F.3d at 11.

Here, in support of its 93A claims, MMC alleges as follows: (1) Citizens failed to effectuate a prompt, fair, and equitable settlement of the claims in the underlying suit; (2) such failure constitutes unfair or deceptive acts or practices; and (3) the unfair or deceptive acts were willful or knowing violations of chapter 93A. (MMC's Countercl. ¶¶ 39-41, 44-46.) These allegations, as in Ne. Data Sys., are essentially breach of contract claims, 986 F.2d at 609, and under Baybutt, may be governed by Maine law such that Massachusetts claims would be barred. 455 A.2d at 918; see Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 6 (1st Cir. 2004). Plaintiff's motion to dismiss was filed shortly after MMC's answer and counterclaims were filed, however, and the parties continue to engage in discovery. After discovery is completed, the facts may establish MMC's claims sound more in tort. The Baybutt choice-of-law analysis does not govern tort claims. See Koshy, 2010 ME 44, ¶ 21, 995 A.2d 651. On the present record, viewing the facts alleged in the complaint in the light most favorable to MMC, the court has insufficient facts on which to determine whether MMC's chapter 93A claims are barred.

### 3. Reach and Apply

Citizens avers that Maine's reach and apply statute bars MMC's counterclaims against Citizens. See 24-A M.R.S. § 2904 (2016). MMC counters that its counterclaim is not a reach and apply action thus the statute does not apply.

Maine's reach and apply statute bars civil actions "brought against an insurer to reach and apply . . . insurance money until 20 days shall have elapsed from the time of the rendition of the final judgment against the judgment debtors." 24-A M.R.S. § 2904; see Allen v. Pomroy, 277 A.2d 727, 728 (Me. 1971) (quoting § 2904).

In its counterclaim, MMC does not seek damages; it seeks a declaratory judgment addressing Citizens' duty to indemnify.[6] (MMC's Countercl. ¶¶ 30-33.) In its complaint, Citizens seeks a declaratory judgment that it has no duty to indemnify MMC for any damages established by the underlying suit. (Compl. ¶¶ 46-47.)

In Maine, a determination of whether an insurer has a duty to indemnify is based upon the facts ultimately proved in the underlying claim. Am. Policyholders' Ins. Co. v. Cumberland Cold Storage Co., 373 A.2d 247, 250 (Me. 1977). In limited circumstances, a declaratory judgement action to determine whether the duty exists can be brought before the conclusion of the underlying suit. N. E. Ins. Co. v. Young, 2011 ME 89, ¶ 15, 26 A.3d 794. "[E]arlier consideration of the duties to defend and indemnify [is appropriate] when an insurer disputes those duties based on facts that are not related to the question of the insured's liability, such as 'nonpayment of a premium, cancellation of a policy, failure to cooperate or lack of timely notice.'" Id. (quoting Patrons Oxford Mut. Ins. Co. v. Garcia, 1998 ME 38, ¶ 7, 707 A.2d 384.) "A declaratory judgment action is

---

[6] MMC does seek damages for an alleged breach of Citizens' implied duty of good faith and alleged violations of MASS. GEN. LAWS ch. 93A. In those claims, MMC does not seek to apply insurance money to satisfy claims in the underlying suit and the claims do not depend on a judgment being entered against Citizens' insured.

8

appropriate in such circumstances because 'the coverage dispute depends entirely on the relationship between the insurer and the insured, not on facts to be determined in the underlying litigation.'" Id. Here, in the counterclaim against Citizens, MMC raises both the issue of ultimate liability and the parties' relationship. The claim may qualify as one of those limited circumstances in which a party may bring a declaratory judgment action prior to the resolution of the underlying case, and the reach and apply statute would not apply to MMC's counterclaim.

### 4. Third-Party Beneficiary

Citizens argues MMC lacks standing to assert its counterclaims because MMC is not a party to the insurance policy contracts. MMC counters it can enforce the contracts as a third-party beneficiary of the insurance policy contracts.

"Litigants normally may not assert the rights of third parties but must demonstrate that they have received some particularized injury in order to have standing to raise their claim." Stull v. First Am. Title Ins. Co., 2000 ME 21, ¶ 11, 745 A.2d 975. "Third parties to contracts are strictly limited in their ability to maintain an action under contract law." Id. ¶ 17. "A third party harmed by a breach may only sue for breach of contract if the contracting parties intended that the third party have an enforceable right." Id.

Maine has adopted the Restatement (Second) of Contracts definition of third-party beneficiaries. F. O. Bailey Co. v. Ledgewood, Inc., 603 A.2d 466, 468 (Me. 1992). Section 302 of the Restatement provides:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> > (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> >
> > (b) the circumstances indicate that the promisee intends to give the

9

beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary. Restatement (Second) of Contracts § 302; see also id. (adopting section 302). "In order to prevail on their third-party beneficiary contract claim, [MMC has] to demonstrate that the promisee, . . . intended to give [MMC] the benefit of the performance." F.O. Bailey Co., 603 A.2d at 468. The court looks to the contract language and the circumstances surroundings its execution to determine the promisee's intention. Id. "In the absence of contract language, there must be circumstances that indicate with clarity and definiteness that [the promisee] intended to give [a third-party] an enforceable benefit under the contract." Devine v. Roche Biomedical Labs., 659 A.2d 868, 870 (Me. 1995).

The parties have not provided the court with copies of the complete insurance policy contracts. MMC alleges it may be an additional insured of the policies, but does not otherwise allege the policies establish that Phoenix intended for it to have an enforceable benefit under the policies. (MMC's Countercl. ¶ 27.) Rather, MMC's third-party beneficiary claim rests almost entirely upon the circumstances surrounding the execution of the policies. It points to the following allegations in support of its claim:

(1) Phoenix was contractually required to obtain and maintain insurance coverage for its work on the MMC project[;]

(2) Phoenix promised to indemnify MMC from any and all loss, damage, cost, or expense sustained by MMC resulting from or arising from Phoenix's work[;]

(3) Phoenix procured the Citizens policies to satisfy its contractual requirement to obtain and maintain insurance coverage for its work on the MMC project and to indemnify MMC, and Citizens knew of those contractual requirements in issuing the policies[; and]

(4) MMC is also a named insured on the Citizens policies.

(MMC Opp'n to Mot. Dismiss. 10 (emphasis in original).) The Law Court has cautioned courts

10

considering the circumstances surrounding the execution of contracts:

> In assessing the relevant circumstances, courts must be careful to distinguish between the consequences to a third party of a contract breach and the intent of a promisee to give a third party who might be affected by that contract breach the right to enforce performance under the contract. If consequences become the focus of the analysis, the distinction between an incidental beneficiary and an intended beneficiary becomes obscured. Instead, the focus must be on the nature of the contract itself to determine if the contract necessarily implies an intent on the part of the promisee to give an enforceable benefit to a third party.

Devine, 659 A.2d at 870. The contracts are not before the court. If following discovery, MMC can establish it was a named insured or can present other facts that establish the contracting parties' clear and definite intent that it receive enforceable benefits under the policies, MMC could proceed as a third-party beneficiary. In viewing the counterclaim in the light most favorable to MMC, it states a cognizable third-party beneficiary claim. See Moody, 2004 ME 20, ¶ 7, 843 A.2d 43.

5. MASS. GEN. LAWS ch. 93A, §§ 2, 9

Citizens argues MMC cannot maintain an action against it for violation of MASS. GEN. LAWS ch. 176D, § 3 (9) (f)[7] pursuant to MASS. GEN. LAWS ch. 93A, § 9 because MMC does not have enforceable rights under the insurance contracts. MMC counters that it has standing because it is a third-party beneficiary.

"[Chapter] 93A, § 9 (1), provides that 'any person whose rights are affected by another' party's violation of [Chapter] 176D, § 3 (9), is entitled to bring an action under c. 93A." Clegg v. Butler, 424 Mass. 413, 418, 676 N.E.2d 1134 (1997) (emphasis in original) (quoting Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 675, 448 N.E.2d 357 (1983)). The Massachusetts Supreme Judicial Court reads the provision broadly to entitle "any plaintiff to recover under c. 93A, § 9, if his rights are adversely affected or if he suffers 'injury' because of

---

[7] Chapter 176D, § 3 (9) (f) provides the failure "to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" is an "unfair or deceptive [act] or [practice] in the business of insurance."

11

another party's breach of his statutory duty." Id. "'[I]njury' simply refers to 'the invasion of any legally protected interest of another.'" Id. "The duty of fair dealing in insurance settlement negotiations is established by statute under [chapter] 176D, § 3 (9), and the specific duty contained in subsection (f) is not limited to those situations where the plaintiff enjoys contractual privity with the insurer." Id. at 419. Contrary to the assertions of Citizens, Clegg does not limit standing to bring such claims to insureds and third-party claimants. Id. (holding "[s]tanding does not depend on a party's status as an insured or a third-party claimant.").

Third-party beneficiaries have standing to bring section 9 claims against parties to a contract. MMC alleges it is a third-party beneficiary of the insurance contract. MMC also alleges it may be an additional insured on the insurance contracts. MMC has established standing to proceed on its section 9 counterclaim against Citizens.

6. MASS. GEN. LAWS ch. 93A, §§ 2, 11

Citizens argues MMC failed as a matter of law to allege a cognizable claim for violation of MASS. GEN. LAWS ch. 93A §§ 2, 11 because the alleged actions did not occur "primarily and substantially" within Massachusetts. MMC counters that the burden of proof is on Citizens to establish that the actions did not occur "primarily and substantially" within Massachusetts and it is a question of fact not properly decided upon a motion to dismiss.

A party may bring a claim under section 11 only when the "actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth." MASS. GEN. LAWS ch. 93A, § 11. "[T]he burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the commonwealth." Id. There is no definitive list of factors employed by courts to determine whether or not the actions occurred primarily and

12

substantially within Massachusetts. Kuwaiti Danish Comput. Co. v. Dig. Equip. Corp., 438 Mass. 459, 473, 781 N.E.2d 787 (2003). "Any determination necessarily will be fact intensive and unique to each case." Id. at 472-73. "Section 11 suggests an approach in which a judge should, after making findings of fact, and after considering those findings in the context of the entire [section] 11 claim, determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within [Massachusetts]." Id. Because the determination is fact intensive, an assessment of where the actions "primarily and substantially" occurred is not appropriate on the "basis of the allegations of the complaint alone." Resolute Mgmt. Inc. v. Transatlantic Reinsurance Co., 87 Mass. App. Ct. 296, 300, 29 N.E.3d 197 (2015); see also Fleet Nat'l Bank v. Certain Underwriters at Lloyd's, London, 16 Mass. L. Rep. 212 (2003) (concluding the court had to deny defendant's motion to dismiss because "[t]he Court finds itself between the mandate of the [Massachusetts] S.J.C. to decide the 'primarily and substantially' issue 'after making findings of fact' and the very liberal requirements for notice pleadings at the motion to dismiss stage."). Dismissal of MMC's section 11 claim at this juncture would be premature.

CONCLUSION

There are insufficient facts before the court to determine whether Maine law bars MMC's MASS. GEN. LAWS ch. 93A claims. Maine's reach and apply statute does not bar MMC's counterclaims. MMC has alleged a cognizable third-party beneficiary claim. MMC has alleged sufficient facts to demonstrate standing to assert a counterclaim against Citizens for violation of MASS. GEN. LAWS ch. 93A, § 9(3). It is premature in this litigation to determine whether Citizens' actions, which allegedly constituted unfair or deceptive practices, occurred primarily and substantially within the Commonwealth of Massachusetts.

The entry is

Plaintiff Citizens Insurance Company of America's Motion to Dismiss Defendant Maine Medical Center's Counterclaim is DENIED.

Date: October 4, 2017

Nancy Mills
Justice, Superior Court

14

STATE OF MAINE
CUMBERLAND, ss

CITIZENS INSURANCE
COMPANY OF AMERICA,

Plaintiff

v.

PHOENIX BAY STATE
CONSTRUCTION CO., INC.,
WILLIAM A. BERRY & SON,
INC., SUFFOLK CONSTRUCTION
COMPANY, INC., MAINE MEDICAL
CENTER, INC., and NORTH RIVER
INSURANCE COMPANY,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-097

ORDER ON DEFENDANT NORTH
RIVER INSURANCE COMPANY'S
MOTION TO DISMISS DEFENDANT
MAINE MEDICAL CENTER'S
CROSS-CLAIM

STATE OF MAINE
Cumberland, ss. Clerk's Office

OCT 05 2017
3:38 P.m.
RECEIVED

Before the court is cross-claim defendant North River Insurance Company's motion to dismiss defendant Maine Medical Center's cross-claim. For the following reasons, North River's motion to dismiss MMC's cross-claim is denied.

FACTS

The present action stems from an underlying lawsuit brought by MMC against defendants William A. Berry & Son, Inc. and Suffolk Construction Company, Inc. in the United States District Court for the District of Maine. (Compl. ¶¶ 8-9; MMC's Ans. ¶¶ 8-9.) Phoenix Bay State Construction Co., Inc. (Phoenix) is a third-party defendant in the underlying lawsuit. (Compl. ¶ 10; MMC's Ans. ¶ 10.) In that action, MMC is seeking to recover damages against Berry and Suffolk for alleged property damage to substantial additions made to the hospital located at 22 Bramhall Street in the City of Portland, Maine. (Compl. ¶ 11; MMC's Ans. ¶ 11.) MMC hired

1

Berry to manage and lead the construction of the additions.[1] (MMC's Cross-cl. ¶ 5.) Berry then hired Phoenix as a subcontractor to perform certain work for the additions. (Id.) The construction began in 2006. (Compl. ¶ 11; MMC's Ans. ¶ 11.)

MMC's contract with Berry mandated all subcontractors procure and maintain insurance coverage for their work on the addition and name MMC as an additional insured on the insurance policies. (MMC's Cross-cl. ¶ 83.) In accordance with that requirement, Berry's subcontract with Phoenix provided as follows: "[Phoenix], at its own expense shall procure, carry and maintain on all its operations hereunder policies of insurance with coverage at a minimum in the amounts and limits as provided in Rider B . . . ." (Id. ¶ 80.) Moreover, the subcontract obligates Phoenix to "indemnify, defend and hold . . . [MMC] harmless to the fullest extent allowed by law from any and all loss, damage, cost or expense . . . resulting from or arising from the negligence of [Phoenix] . . . ." (Id. ¶ 84.) MMC asserts Phoenix procured insurance policies through Employers' Fire Insurance Company (EFIC), Citizens Insurance Company of America (Citizens), and North River to fulfill the subcontract insurance requirements. (Id. ¶¶ 25, 85.) Phoenix purchased umbrella liability coverage policies from North River for consecutive year-long periods beginning December 31, 2008 and covering until at least December 31, 2014. (Id. ¶ 68.) MMC also alleges it may be an additional insured under all of the policies. (Id. ¶¶ 27, 87.)[2]

---

[1] In 2009, Suffolk acquired Berry's assets, including its contract with MMC. (Compl. ¶ 13; MMC's Ans. ¶ 13.)

[2] North River argues the cross-claim does not point to any provision of the North River umbrella policies that would confer third-party beneficiary status on MMC or reflect an intent to confer such status. (Mot. Dismiss 3.) While MMC does not point to any specific contractual language, MMC alleges in the cross-claim as follows:

> The clear and definite intent to make MMC a third-party beneficiary of North River's obligations under the North River policies is also established by, among other things, the requirement that MMC be named as an additional insured under the North River policies and/or that MMC was an additional insured under the policies.

2

Citizens initiated this action on February 10, 2017 when it filed a complaint against defendants Phoenix, Berry, Suffolk, MMC, and North River. On March 29, 2017, Citizens moved to dismiss its claims against North River. On July 19, 2017, the court granted the motion. Prior to dismissal of those claims, on April 10, 2017, MMC filed a cross-claim against North River.[3] MMC's cross-claim seeks a judgment declaring North River has a duty to indemnify MMC for any damages for which Phoenix is found liable in the underlying suit in excess of the EFIC and Citizens commercial general liability policies' coverage limits or, in the alternative, if the EFIC and Citizens policies do not provide coverage, that North River has a duty to indemnify MMC for all of the damages for which Phoenix is found liable up to the policy limits.

On May 19, 2017, North River filed its motion to dismiss MMC's cross-claim. MMC opposed the motion on June 9, 2017. North River filed a reply on June 16, 2017.

DISCUSSION

1. Standard of Review

"A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the [cross-claim]." Seacoast Hangar Condo. II Ass'n v. Martel, 2001 ME 112, ¶ 16, 775 A.2d 1166 (quoting New Orleans Tanker Corp. v. Dep't of Transp., 1999 ME 67, ¶ 3, 728 A.2d 673). When the court reviews a motion to dismiss, "the [cross-claim] is examined 'in the light most favorable to the [cross-claim] plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [cross-claim] plaintiff to relief pursuant to some legal theory.'" Lalonde v. Cent. Me. Med. Ctr., 2017 ME 22, ¶ 11, 155 A.3d 426 (quoting Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 7, 843 A.2d 43). Allegations in the cross-claim are deemed

---

(MMC's Cross-cl. ¶ 87.
[3] The court granted MMC's motion to extend the deadline to file its response to the complaint to April 10, 2017.

3

true, Id., and "dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." Moody, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994)) (internal quotations omitted).

## 2. Reach and Apply

North River argues the Maine and Massachusetts[4] reach and apply statutes bar MMC from bringing a direct action against North River absent the entry of final judgment against its insured in the underlying case. See 24-A M.R.S. § 2904 (2016);[5] MASS. GEN. LAWS ch. 175, § 113 (2016);[6] MASS. GEN. LAWS ch. 214, § 3(9) (2016).[7] MMC counters that because its cross-claim is not a

---

[4] The parties do not argue which jurisdiction's substantive law applies to the cross-claim.
[5] § 2904 provides in relevant part:

> Whenever any person . . . recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name, against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such accident, injury or damage. No civil action shall be brought against an insurer to reach and apply such insurance money until 20 days shall have elapsed from the time of the rendition of the final judgment against the judgment debtors.

[6] § 113 provides:

> Upon the recovery of a final judgment against any person by any person, including executors or administrators, for any loss or damage specified in the preceding section, if the judgment debtor was at the accrual of the cause of action insured against liability therefor, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment as provided in the ninth clause of section three of chapter two hundred and fourteen.

[7] § 3(9) provides:

> The supreme judicial and superior courts shall have original and concurrent jurisdiction of the following cases:

> > (9) Actions to reach and apply the obligation of an insurance company to a judgment debtor under a motor vehicle liability policy, as defined in section thirty–four A of chapter ninety, or under any other policy insuring a judgment debtor

4

reach and apply action, the statutes are not applicable.

Maine's reach and apply statute bars civil actions "brought against an insurer to reach and apply . . . insurance money until 20 days shall have elapsed from the time of the rendition of the final judgment against the judgment debtors." Allen v. Pomroy, 277 A.2d 727, 728 (Me. 1971) (quoting § 2904). Massachusetts' reach and apply "statutes affording a remedy for an injured plaintiff against an insurer issuing a liability policy require as a prerequisite to suit 'the recovery of a final judgment' against the insured wrongdoer." Rogan v. Liberty Mut. Ins. Co., 305 Mass. 186, 188, 25 N.E.2d 188, 189 (1940) (citing ch. 175, §§ 112, 113; ch. 214, § 3).

In its cross-claim, MMC does not seek damages; it seeks a declaratory judgment addressing North River's duty to indemnify. (MMC Cross-cl. ¶¶ 88-91.) Reach and apply statutes do not bar declaratory judgment actions. See Dorchester Mut. Ins. Co. v. Legeyt, 25 Mass. L. Rep. 262 * 18 (Mass. Super. Ct. 2008). In Legeyt, the Massachusetts Superior Court found before there is a final judgment against the insured, "an injured party may seek declaratory relief against another's insurer [because] an injured party's interest in the tortfeasor's insurance policy is sufficiently present or immediate, once the injury has been sustained, to allow the injured party to seek declaratory relief." Id. * 14-16. The court distinguished the declaratory judgment action from a reach and apply action in a footnote. Id. * 14 n.8 (stating "It is clear that, in the absence of a final judgment against [the insured], [the injured party] has no right to reach and apply the Policy under [chapter] 214, §3(9).")

In Maine, a determination of whether an insurer has a duty to indemnify is based upon the facts ultimately proven in the underlying claim. Am. Policyholders' Ins. Co. v. Cumberland Cold

---

against liability for loss or damage on account of bodily injury or death or for loss or damage resulting therefrom, or on account of damage to property, in satisfaction of a judgment covered by such policy, which has not been satisfied within thirty days after the date when it was rendered.

Storage Co., 373 A.2d 247, 250 (Me. 1977). In limited circumstances, a declaratory judgement action to determine whether the duty exists can be brought before the conclusion of an underlying suit. N. E. Ins. Co. v. Young, 2011 ME 89, ¶ 15, 26 A.3d 794. "[E]arlier consideration of the duties to defend and indemnify [is appropriate] when an insurer disputes those duties based on facts that are not related to the question of the insured's liability, such as 'nonpayment of a premium, cancellation of a policy, failure to cooperate or lack of timely notice.'" Id. (quoting Patrons Oxford Mut. Ins. Co. v. Garcia, 1998 ME 38, ¶ 7, 707 A.2d 384.) "A declaratory judgment action is appropriate in such circumstances because 'the coverage dispute depends entirely on the relationship between the insurer and the insured, not on facts to be determined in the underlying litigation.'" Id. Here, in the cross-claim against North River, MMC raises the issue of ultimate liability and the parties' relationship. Thus, the claim qualifies as one of those limited circumstances where a party may bring a declaratory judgment action prior to the resolution of the underlying case, and the reach and apply statutes do not apply to MMC's cross-claim.

### 3. Third-Party Beneficiary

North River argues MMC lacks standing to litigate the duty to indemnify because MMC is not a party to the insurance policy contracts. MMC counters it can enforce the insurance contracts because it is a third-party beneficiary of policies.

"Litigants normally may not assert the rights of third parties but must demonstrate that they have received some particularized injury in order to have standing to raise their claim." Stull v. First Am. Title Ins. Co., 2000 ME 21, ¶ 11, 745 A.2d 975. "Third parties to contracts are strictly limited in their ability to maintain an action under contract law." Id. ¶ 17; see also Miller v. Mooney, 431 Mass. 57, 62, 725 N.E.2d 545, 549-50 (2000). "A third party harmed by a breach may only sue for breach of contract if the contracting parties intended that the third party have an

6

enforceable right." Stull, 2000 ME 21, ¶ 17, 745 A.2d 975; see Spinner v. Nutt, 417 Mass. 549, 555, 631 N.E.2d 542, 546 (1994).

Maine and Massachusetts have adopted the Restatement (Second) of Contracts definition of third-party beneficiaries. F. O. Bailey Co. v. Ledgewood, Inc., 603 A.2d 466, 468 (Me. 1992); Rae v. Air-Speed, Inc., 386 Mass. 187, 195, 435 N.E.2d 628, 632 (1982). Section 302 of the Restatement provides:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
>> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>>
>> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302; see also F. O. Bailey, 603 A.2d at 468 (adopting section 302); Rae, 386 Mass. at 195, 435 N.E.2d at 632 (holding "We now adopt the rule set forth in the Restatement (Second) of Contracts § 302, with regard to both creditor and other types of intended beneficiaries.").

Pursuant to Maine law, "In order to prevail on their third party beneficiary contract claim, [MMC has] to demonstrate that the promisee, . . . intended to give [MMC] the benefit of the performance." F.O. Bailey, 603 A.2d at 468. Maine courts looks to the contract language and the circumstances surroundings its execution to determine the promisee's intention. Id. "In the absence of contract language, there must be circumstances that indicate with clarity and definiteness that [the promisee] intended to give [a third party] an enforceable benefit under the contract." Devine v. Roche Biomedical Labs., 659 A.2d 868, 870 (Me. 1995). Similarly, "[u]nder Massachusetts law,

7

a contract does not confer third-party beneficiary status unless the 'language and circumstances of the contract' show that the parties to the contract 'clear[ly] and definite[ly]' intended the beneficiary to benefit from the promised performance." Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 466, 918 N.E.2d 36, 44 (2009) (quoting Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366-67, 676 N.E.2d 821, 822 (1997).

The parties have not provided the court with copies of the complete insurance policy contracts. MMC alleges it may be an additional insured of the policies, but does not otherwise allege the policies establish that Phoenix's intended for MMC to have an enforceable benefit under the policies. (MMC Cross-cl. ¶ 87.) Rather, MMC's third-party beneficiary claim rests almost entirely upon the circumstances surrounding the execution of the policies. It points to the following allegations in support of its claim:

(1) Phoenix was contractually required to obtain and maintain insurance coverage for its work on the MMC project[;]

(2) Phoenix promised to indemnify MMC from any and all loss, damage, cost, or expense sustained by MMC resulting from or arising from Phoenix's work[;]

(3) Phoenix procured the North River policies to satisfy its contractual requirement to obtain and maintain insurance coverage for its work on the MMC project and to indemnify MMC, and North River knew of those contractual requirements in issuing the policies[8] [; and]

(4) MMC is also a named insured on the North River policies.

(MMC Opp'n to Mot. Dismiss. 8 (emphasis in original).) The Law Court has cautioned courts considering the circumstances surrounding the execution of contracts:

In assessing the relevant circumstances, courts must be careful to distinguish between the consequences to a third party of a contract breach and the intent of a promisee to give a third party who might be affected by that contract breach the right to enforce performance under the contract. If consequences become the focus

---

[8] In the cross-claim, MMC does not expressly allege that North River knew of the contractual requirements. Viewing the cross-claim in the light most favorable to MMC, however, such knowledge may be inferred from the allegation that MMC was an additional insured of the policies. (See MMC's Cross-cl. ¶ 87.)

8

of the analysis, the distinction between an incidental beneficiary and an intended beneficiary becomes obscured. Instead, the focus must be on the nature of the contract itself to determine if the contract necessarily implies an intent on the part of the promisee to give an enforceable benefit to a third party.

Devine, 659 A.2d at 870. The contracts are not before the court. If MMC can establish is was a named insured or after discovery can present other facts that establish a clear and definite intent that it receive enforceable benefits under the policies. MMC could proceed as a third-party beneficiary. In viewing the cross-claim in the light most favorable to MMC, it states a cognizable third-party beneficiary claim. See Moody, 2004 ME 20, ¶ 7, 843 A.2d 43. Dismissal for lack of standing is not appropriate at this stage.

CONCLUSION

Maine and Massachusetts' reach and apply statutes do not bar MMC's declaratory judgment cross-claim against North River. MMC has alleged a cognizable third-party beneficiary claim.

The entry is

> Defendant North River's Motion to Dismiss Defendant Maine Medical Center's Cross-claim is DENIED.

Date: October 4, 2017

Nancy Mills
Justice, Superior Court

9

STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
Cumberland, ss. Clerk's Office

OCT 05 2017
3:38 P.M.
RECEIVED

SUPERIOR
CIVIL ACTION
DOCKET NO. CV-17-097

CITIZENS INSURANCE
COMPANY OF AMERICA,

      Plaintiff

v.

PHOENIX BAY STATE
CONSTRUCTION CO., INC.,
WILLIAM A. BERRY & SON,
INC., SUFFOLK CONSTRUCTION
COMPANY, INC., MAINE MEDICAL
CENTER, INC., and NORTH RIVER
INSURANCE COMPANY,

      Defendants

ORDER ON DEFENDANT EMPLOYERS
FIRE INSURANCE COMPANY'S
MOTION TO DISMISS DEFENDANT
MAINE MEDICAL CENTER'S
COUNTERCLAIM

Before the court is counterclaim defendant Employers Fire Insurance Company's motion to dismiss defendant Maine Medical Center's (MMC) counterclaim. For the following reasons, the motion to dismiss is denied.

FACTS

The present action stems from an underlying lawsuit brought by MMC against defendants William A. Berry & Son, Inc. (Berry) and Suffolk Construction Company, Inc. (Suffolk) in the United States District Court for the District of Maine. (Compl. ¶¶ 8-9; MMC's Ans. ¶¶ 8-9.) Phoenix Bay State Construction Co., Inc. (Phoenix) is a third-party defendant in the underlying lawsuit. (Compl. ¶ 10; MMC's Ans. ¶ 10.) In that action, MMC is seeking to recover damages against Berry and Suffolk for alleged property damage to substantial additions made to the hospital located at 22 Bramhall Street in the City of Portland, Maine. (Compl. ¶ 11; MMC's Ans. ¶ 11.)

1

MMC hired Berry to manage and lead the construction of additions to the hospital.[1] (MMC's Countercl. ¶ 5.) Berry then hired Phoenix as a subcontractor to perform certain work for the additions. (Id.) The construction began in 2006. (Compl. ¶ 11; MMC's Ans. ¶ 11.)

MMC's contract with Berry mandated all subcontractors procure and maintain insurance coverage for their work on the addition and name MMC as an additional insured on the insurance policies. (MMC's Countercl. ¶¶ 19, 23.) In accordance with that requirement, Berry's subcontract with Phoenix provided as follows: "[Phoenix], at its own expense shall procure, carry and maintain on all its operations hereunder policies of insurance with coverage at a minimum in the amounts and limits as provided in Rider B . . . ." (Id.) Moreover, the subcontract obligates Phoenix to "indemnify, defend and hold . . . [MMC] harmless to the fullest extent allowed by law from any and all loss, damage, cost or expense . . . resulting from or arising from the negligence of [Phoenix] . . . ." (Id. ¶ 24.) MMC asserts Phoenix procured insurance policies through EFIC, Citizens Insurance Company of America (Citizens), and North River Insurance Company to fulfill the subcontract insurance requirements. (Id. ¶¶ 25, 85.) MMC also alleges it may be an additional insured under the policies. (Id. ¶¶ 27, 87.)

Citizens initiated this action on February 10, 2017 when it filed a complaint against defendants Phoenix, Berry, Suffolk, and MMC. In the complaint, plaintiff seeks a declaratory judgment that with regard to the underlying suit, it does not have a duty (1) to indemnify Phoenix for the alleged damages; (2) to defend or indemnify Berry or Suffolk; or (3) to indemnify MMC; or, in the alternative, (4) if it does have a duty to indemnify any of the defendants, their recovery is limited the policy limit for one occurrence, $1,000,000.[2] MMC filed its answer, counterclaims,

---

[1] In 2009, Suffolk acquired Berry's assets, including its contract with MMC. (Compl. ¶ 13; MMC's Ans. ¶ 13.)

[2] Citizens brought an additional claim against North River, but the court granted Citizens' motion to dismiss the claim without prejudice on July 19, 2017.

2

and cross-claims on April 10, 2017.[3] In its counterclaim, MMC alleges four counts against EFIC. MMC seeks a declaratory judgment that with regard to the underlying suit (1) EFIC has a duty to indemnify MMC; and alleges EFIC (2) breached an implied duty of good faith and fair dealing owed to MMC; (3) violated MASS. GEN. LAWS ch. 93A, §§ 2, 9; and (4) violated MASS. GEN. LAWS ch. 93A, §§ 2, 11.

EFIC filed its motion to dismiss on May 3, 2017. MMC opposed the motion on May 31, 2017. EFIC filed a reply on June 8, 2017.

DISCUSSION

1. Standard of Review

"A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the [counterclaim]." Seacoast Hangar Condo. II Ass'n v. Martel, 2001 ME 112, ¶ 16, 775 A.2d 1166 (quoting New Orleans Tanker Corp. v. Dep't of Transp., 1999 ME 67, ¶ 3, 728 A.2d 673). When the court reviews a motion to dismiss, "the [counterclaim] is examined 'in the light most favorable to the [counterclaim] plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [counterclaim] plaintiff to relief pursuant to some legal theory.'" Lalonde v. Cent. Me. Med. Ctr., 2017 ME 22, ¶ 11, 155 A.3d 426. Allegations in the counterclaim are deemed true for the purposes of deciding a motion to dismiss. Id. "A dismissal should only occur when it appears beyond doubt that a [counterclaim] plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994)) (internal quotations omitted).

---

[3] The court granted MMC's motion to extend the deadline to file its response to April 10, 2017.

## 2. Joinder of EFIC

EFIC's primary argument for dismissal is that the claims against it "are not the proper subject of impleader under M.R. Civ. P. 14." (EFIC's Mot. Dismiss 2.) MMC counters that it properly joined EFIC as a counterclaim defendant pursuant to M.R. Civ. P. 13(h) and 20(a).[4] (MMC's Opp'n to Mot. Dismiss 4.)

M.R. Civ. P. 13(h) states, "Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 or 20." When counterclaims against a non-party arise "out of many of the same transactions or occurrences as those alleged in [counterclaims against the plaintiff] and there [are] questions of law and fact common to both sets of claims, it [is] proper for [the non-party] to be permissively joined as a party." Faith Temple v. DiPietro, 2015 ME 166, ¶ 35, 130 A.3d 368 (citing M.R. Civ. P. 20). MMC's counterclaims against Citizens and EFIC are in large part based on the same occurrences, namely, the insured's alleged negligent construction and the insurers' refusal to indemnify the insured. Questions of law and fact will necessarily overlap because MMC brings the same four counts against Citizens and EFIC. Thus, MMC properly joined EFIC as a counterclaim defendant pursuant to M.R. Civ. P. 13(h) and 20(a).

EFIC further argues that a party seeking to join a non-party pursuant to M.R. Civ. P. 13(h) and 20 must file a motion to join with the court. EFIC points to the Law Court's holding in Cushing v. Cohen to support this argument. 420 A.2d 919 (Me. 1980). In Cushing, the primary issue before the Law Court was whether the State of Maine was the real party-in-interest such that sovereign immunity barred the plaintiffs' claims. Id. at 922. The court reviewed the parties' extensive

---

[4] MMC argues in the alternative that joinder of EFIC is also proper under M.R. Civ. P. 14. Because joinder is appropriate in these circumstances under M.R. Civ. P. 13(h), the court does not consider MMC's Rule 14 argument.

4

pleadings in an attempt to decipher whether the State had been joined as a counterclaimant. Id. at 924. The defendants continually named the State as such in their pleadings, while the plaintiffs consistently omitted the State as a party. Id. at 924-25. In the context of that case, the court declared, "Although a formal court order may not always be necessary to allow one who has not been named by plaintiffs as a party defendant to become a party as a 'counter-claimant', we think such formal action is necessary in the circumstances of this case." Id. at 927 (internal citations omitted). The court distinguished its holding in Cushing from Casco Bank & Tr. Co. v. Cloutier in which it held "pursuant to Rules 13(h) and 20(a) in combination, the counterclaim included in the answer of [the named defendant] effectively joined [a non-party] as a counterclaiming party, despite the absence of an order of court . . . ." 398 A.2d 1224, 1227 (Me. 1979). The court in Cushing and Casco addressed the joinder of a party as a counterclaimant, not as a counterclaim defendant. This case is more analogous to Faith Temple because in both cases defendants joined a non-party as a counterclaim defendant. Faith Temple, 2015 ME 166, ¶ 35, 130 A.3d 368; see also Law Offices of Peter Thompson & Assocs. P.A. v. Gerber, No. CV-11-418, 2014 Me. Super. LEXIS 17, *1 n.1 (Feb. 11, 2014) (noting parties who were improperly joined as third-party defendants most likely did not object to their joinder because pursuant to M.R. Civ. P. 13(h) they qualified as additional parties who could be joined on the counterclaims.) The defendant in Faith Temple did not seek or receive permission from the court to join the counterclaim defendant. Faith Temple, 2015 ME 166, ¶¶ 5 n.1, 35, 130 A.3d 368. MMC properly joined EFIC as a counterclaim defendant pursuant to Rules 13(h) and 20(a).

3. Third-Party Beneficiary

EFIC argues MMC lacks standing to bring the counterclaims alleged because MMC was not a party to the insurance policy contracts. MMC counters it can enforce the contracts because

5

it is a third-party beneficiary of the insurance policies EFIC issued to Phoenix.

"Litigants normally may not assert the rights of third parties but must demonstrate that they have received some particularized injury in order to have standing to raise their claim." Stull v. First Am. Title Ins. Co., 2000 ME 21, ¶ 11, 745 A.2d 975. "Third parties to contracts are strictly limited in their ability to maintain an action under contract law." Id. ¶ 17. "A third party harmed by a breach may only sue for breach of contract if the contracting parties intended that the third party have an enforceable right." Id.

Maine has adopted the Restatement (Second) of Contracts definition of third-party beneficiaries.[5] F. O. Bailey Co. v. Ledgewood, Inc., 603 A.2d 466, 468 (Me. 1992). Section 302 of the Restatement provides:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
>> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>>
>> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302; see also F.O. Bailey, 603 A.2d at 486 (adopting section 302). "In order to prevail on their third-party beneficiary contract claim, [MMC has] to

---

[5] EFIC does not argue which state law should apply to the counterclaims, but rather points out both Maine and Massachusetts follow the Restatement (Second) of Contracts definition of third-party beneficiaries. (EFIC M.T.D. at 7-8.) EFIC is correct that both states apply the same test. See Spinner v. Nutt, 417 Mass. 549, 555, 631 N.E.2d 542, 546 (1994) (holding "A party is an intended beneficiary where 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.'" (quoting Restatement (Second) of Contracts § 302 (1) (b) (1981)); Miller v. Mooney, 431 Mass. 57, 62, 725 N.E.2d 545, 550 (2000) ("It must appear from 'the language and circumstances of the contract' that the parties to the contract 'clearly and definitely' intended the beneficiaries to benefit from the promised performance.") (quoting Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366-367, 676 N.E.2d 821 (1997).

6

demonstrate that the promisee, . . . intended to give [MMC] the benefit of the performance." Id. The court looks to the contract language and the circumstances surroundings its execution to determine the promisee's intention. Id. "In the absence of contract language, there must be circumstances that indicate with clarity and definiteness that [the promisee] intended to give [a third party] an enforceable benefit under the contract." Devine v. Roche Biomedical Labs., 659 A.2d 868, 870 (Me. 1995).

The parties have not provided the court with copies of the complete insurance policy contracts. MMC alleges it may be an additional insured of the policies, but does not otherwise allege the policies establish that Phoenix's intended for it to have an enforceable benefit under the policies. (MMC's Countercl. ¶ 27.) Rather, MMC's third-party beneficiary claim rests almost entirely upon the circumstances surrounding the execution of the policies. It points to the following allegations in support of its claim:

> (1) Phoenix was contractually required to obtain and maintain insurance coverage for its work on the MMC project[;]
>
> (2) Phoenix promised to indemnify MMC from any and all loss, damage, cost, or expense sustained by MMC resulting from or arising from Phoenix's work[;]
>
> (3) Phoenix procured the EFIC policies to satisfy its contractual requirement to obtain and maintain insurance coverage for its work on the MMC project and to indemnify MMC, and [EFIC, Citizens, and North River] knew of those contractual requirements[; and]
>
> (4) MMC is also a named insured on the EFIC policies.

(MMC Opp'n Mot. Dismiss 12.) The Law Court has cautioned courts considering the circumstances surrounding the execution of contracts:

> In assessing the relevant circumstances, courts must be careful to distinguish between the consequences to a third party of a contract breach and the intent of a promisee to give a third party who might be affected by that contract breach the right to enforce performance under the contract. If consequences become the focus of the analysis, the distinction between an incidental beneficiary and an intended beneficiary becomes obscured. Instead, the focus must be on the nature of the

7

contract itself to determine if the contract necessarily implies an intent on the part of the promisee to give an enforceable benefit to a third party.

Devine, 659 A.2d at 870. The contracts are not before the court. If following discovery MMC can establish is was a named insured or can present other facts that establish the contracting parties' clear and definite intent that MMC receive enforceable benefits under the policies, it could proceed as a third-party beneficiary. In viewing the counterclaim in the light most favorable to MMC, it states a cognizable third-party beneficiary claim. See Moody, 2004 ME 20, ¶ 7, 843 A.2d 43.

4. MASS. GEN. LAWS ch. 93A, §§ 2, 9

EFIC argues MMC's claim under MASS. GEN. LAWS ch. 93A, §§ 2, 9 fails as a matter of law because MMC did not allege it sent a statutorily required demand letter. MMC counters that a demand letter is not necessary in these circumstances because its claim was brought as a counterclaim and because EFIC's principal place of business is in Philadelphia.

Section 9 states, "At least thirty days prior to the filing of any [action under this section], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." MASS. GEN. LAWS ch. 93A, § 9(3). "[T]he thirty-day requirement, as part of the requirement of a written demand for relief, is a prerequisite to suit, to be alleged and proved." York v. Sullivan, 369 Mass. 157, 163, 338 N.E.2d 341, 346 (1975). MMC does not argue that it sent a letter to EFIC prior to filing the counterclaim. There are two exceptions to the demand requirement, however: "[It] shall not apply if the claim is asserted by way of counterclaim or cross-claim, or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth . . . ." MASS. GEN. LAWS ch. 93A, § 9(3).

As discussed above, MMC has brought counterclaims against EFIC pursuant to M.R. Civ.

8

P. 13(h) and 20.[6] Under the plain language of the statute, MMC was not required to send a written demand thirty days prior to filing its counterclaim or plead that such a letter was sent. As a result, the court does not address MMC's second argument regarding EFIC's place of business.

### 5. Mass. Gen. Laws ch. 93A, §§ 2, 11

EFIC argues MMC failed as a matter of law to allege a cognizable claim for violation of Mass. Gen. Laws ch. 93A, §§ 2, 11 because the alleged actions did not occur "primarily and substantially" within Massachusetts. MMC counters that the burden of proof is on EFIC to establish the alleged actions did not occur "primarily and substantially" within Massachusetts and it is a question of fact not properly decided upon a motion for summary judgment.[7]

A party may only bring a claim under Mass. Gen. Laws ch. 93A, § 11 when the "actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth." Mass. Gen. Laws ch. 93A, § 11. "[T]he burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the commonwealth." Id. There is no definitive list of factors to determine whether or not the actions occurred primarily and substantially within Massachusetts. Kuwaiti Danish Comput. Co. v. Dig. Equip. Corp., 438 Mass. 459, 473, 781 N.E.2d 787, 799 (2003). "Any determination necessarily will be fact intensive and unique to each case." Id. at 472-73. "Section 11 suggests an approach in which a judge should, after making findings of fact, and after considering those findings in the context of the entire section 11 claim, determine whether the center of gravity of the circumstances that give rise

---

[6] If EFIC was not already litigating its duty to indemnify in Massachusetts, an argument that the counterclaim exception for sending a demand letter should not apply might be more persuasive. EFIC was joined pursuant to M.R. Civ. P. 13(h).

[7] MMC also argues EFIC waived any argument that the loss did not occur in Massachusetts because it failed to assert the argument in its motion to dismiss.

9

to the claim is primarily and substantially within [Massachusetts]." Id. Because the determination is fact intensive, an assessment of where the actions "primarily and substantially" occurred is not appropriate on the "basis of the allegations of the complaint alone." Resolute Mgmt. Inc. v. Transatlantic Reinsurance Co., 87 Mass. App. Ct. 296, 300, 29 N.E.3d 197, 201 (2015); see also Fleet Nat'l Bank v. Certain Underwriters at Lloyd's, London, 16 Mass. L. Rep. 212 (2003) (concluding the court must deny without prejudice the defendant's motion to dismiss because "[t]he Court finds itself between the mandate of the [Massachusetts] S.J.C. to decide the 'primarily and substantially' issue 'after making findings of fact' and the very liberal requirements for notice pleadings at the motion to dismiss stage."). Thus, dismissal of MMC's section 11 claim at this juncture would be premature.

6. Pending Action in Massachusetts Superior Court

EFIC asks this court to dismiss the counterclaims because it previously filed an action in Massachusetts Superior Court against Phoenix, Berry, and Suffolk seeking a declaration that it has no duty to indemnify the parties in the underlying action. MMC maintains this court should not dismiss the counterclaims, or give the Massachusetts action priority, because MMC is not a party to that case.

"Jurisdictional claims respecting subject matter present overriding issues which courts may examine at any stage of the proceedings, whether at the trial level or on appeal and whether called to the attention of the court or noted by the court on its own motion." Jones v. York, 444 A.2d 382, 384 (Me. 1982). The question of comity arises when pending in separate courts are different "actions involving the same subject matter, parties and issues." Id.; see also E. Fine Paper, Inc. v. Garriga Trading Co., 457 A.2d 1111, 1114 (Me. 1983) (vacating declaratory judgment for plaintiff because the trial court should have afforded comity to another court in which an action involving

10

same subject matter, parties, and issues had already commenced). While the action EFIC initiated in Massachusetts involves the same subject matter and some of the same issues, it does not involve MMC or many other issues raised in the counterclaim.

CONCLUSION

EFIC was properly joined as a counterclaim defendant pursuant to M.R. Civ. P. 13(h) and 20(a). On this record, the court cannot determine whether MMC was an intended third-party beneficiary of the EFIC insurance policies. MMC was not required to send a written demand letter to EFIC pursuant to MASS. GEN. LAWS ch. 93A, § 9(3) because its section 9 claim was asserted as a counterclaim. On this record, the court cannot determine whether EFIC's actions that allegedly constituted unfair or deceptive practices occurred primarily and substantially within the Commonwealth of Massachusetts. Questions of comity do not apply to this case because MMC is not a party to the Massachusetts litigation.

The entry is

Employers' Fire Insurance Company's Motion to Dismiss is DENIED.

Date: October 4, 2017

Nancy Mills
Justice, Superior Court

11

**Parties & Counsel**

Plaintiff: Citizen's Insurance Company of America

Counsel:
Michael Johnson, Esq.
Aaron White, Esq.

Defendant: Phoenix Bay Construction Co. Inc.

Counsel:
Erin Murphy, Esq.
William Druary, Esq.

Defendants: William A. Berry and Son Inc., and Suffolk Construction Company

Counsel:
John Whitman, Esq.
Joseph Cahoon, Esq.

Defendant: Maine Medical Center

Counsel:
Martha Gaythwaite, Esq.
Brett Leland, Esq.

Defendant: North River Insurance Company

Counsel:
Sean Magenis, Esq.
Juliana O'Brien, Esq.

Defendant: The Employer's Fire Insurance Co.

Counsel:
Michelle Byers, Esq.